## PROSECUTIONS FOR THE SALE OF OLEMARGARINE CONTAINING BUTTER YELLOW.

THE STATE OF OHIO V. ARATA.

68 Ohio State—Decided, November 17, 1903.

*An Affidavit Charging a Person With Selling Oleomargarine—Containing Butter Yellow—Charges Violation of Sections 4240-16, 19 and 20, Revised Statutes—Pure Food Laws.*

An affidavit which charges a person with selling and delivering oleomargarine, which, when so sold, contained coloring matter, to-wit, butter yellow, sufficiently charges a violation of Sections 4200-16, 19 and 20, Revised Statutes, notwithstanding it contains descriptive words which partially, but not wholly, bring the substance sold within the statutory definition of oleomargarine.

Exceptions to the Common Pleas Court of Hamilton County.

The defendant in error was prosecuted before a justice of the peace of Hamilton county under the pure food laws, and was found guilty by a jury, as charged in the affidavit, of selling oleomargarine containing coloring matter. Thereupon, on the same day, judgment was given on the verdict, and the defendant was fined in the sum of $50 and costs. The affidavit charged that "on or about the twenty-fifth day of February, A. D. 1901, at the county of Hamilton and state of Ohio, one Nicholas J.

Arata unlawfully did sell and deliver to the said Anthony Sauer, dairy and food inspector of the state of Ohio, one-half (1-2) pound of oleomargarine; said oleomargarine being a substance not pure butter and containing only three and seventy-seven hundredths (3.77) per cent. of butter fats, which said oleomargarine, when so sold as aforesaid, containing coloring matter, to-wit, butter yellow, contrary to the statute in such case made and provided, and against the peace and dignity of the state of of Ohio.'' On petition in error in the court of common pleas the judgment of the justice of the peace was reversed on the ground that the affidavit filed with the justice of the peace charging the offense was defective, and that the justice of the peace committed error in overruling the demurrer of the defendant thereto. To this the State of Ohio, plaintiff in error here, excepted.

*Scott Bonham,* for the State of Ohio.

*Edward M. Ballard,* for defendant.

BY THE COURT.

BURKET, C. J., SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The affidavit is not defective. It charges Arata with having sold oleomargarine which contained coloring matter, to-wit, butter yellow. This is all that is required, because the meaning of the word ''oleomargarine,'' as used in the statute, is defined by the statute itself. The descriptive words contained in the affidavit do not wholly describe oleomargarine as defined in the statute, but do not contradict the charge as made. Therefore, whether they completely describe the substance sold or not, these words neither add to nor subtract from the meaning of the charge. They are surplusage.

*Exceptions sustained.*